J-S05045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM MOSLEY | : | |
| | : | |
| Appellant | : | No. 362 EDA 2020 |

Appeal from the PCRA Order Entered January 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000737-2011

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: April 14, 2021

Kareem Mosley appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Mosley claims that his trial counsel was ineffective. The PCRA court dismissed his petition as untimely. We affirm.

The PCRA court aptly set forth the relevant facts:

On March 22, 2011, [Mosley] entered into a guilty plea before this [c]ourt to three counts of aggravated assault and one count of possession with intent to deliver ("PWID"). This [c]ourt sentenced [Mosley] to five years of probation for one count of aggravated assault, and no further penalty on all other charges. On May 14, 2012, [Mosley] appeared before this [c]ourt for a violation of probation ("VOP") hearing. This [c]ourt found [Mosley] to be in violation of its probation, revoked probation, and imposed a new sentence of eleven and one-half to twenty-three months of confinement, followed by eight years of probation. This [c]ourt ordered [Mosley] to be paroled immediately.

On April 2, 2014, [Mosley] pled guilty to third degree murder. On June 10, 2014, [Mosley] was sentenced to nine to eighteen years of confinement, followed by two years of probation for murder. On June 13, 2014, following a hearing, this [c]ourt

revoked [Mosley's] probation and imposed a new sentence of four to eight years of confinement, to be served consecutive to [Mosley's] third degree murder sentence. [Mosley] filed a Motion for Reconsideration of VOP sentence on June 20, 2014, which this Court denied [on the same day]. No direct appeal followed.

PCRA Ct. Pa.R.A.P. 1925(a) Op., 6/18/20 at 1-2.

Mosley filed the instant, *pro se*, PCRA petition on February 26, 2019. After the PCRA court appointed counsel, Mosley filed an amended petition, in October 2019, wherein he alleged that his trial counsel was ineffective for failing to file a direct appeal on his behalf. Approximately three months later, the court dismissed Mosley's petition as untimely.[1] Mosley appealed, and both Mosley and the PCRA court complied with Pa.R.A.P.1925.

Mosley raises the following:

1. Whether [Mosley's] violation of probation hearing counsel was ineffective for failing to file an appeal from the June 13, 2014 judgment of sentence of 4 to 8 years of imprisonment, consecutive to the sentence of 9 to 18 years of imprisonment that he had received in the matter of **Commonwealth v. Kareem Mosley**, CP-51-CR-0010695-2013.

2. In the alternative, whether [Mosley] should be entitled to the remand of this matter for purposes of an evidentiary hearing with regard to the subject of whether he and his then attorney had a discussion about the filing of an appeal from the 4 to 8 year sentence that was imposed upon [Mosley] in this matter, consecutive to the sentence of 9 to 18 years that he received

---

[1] We note that the PCRA court failed to send Mosley Pa.R.A.P. 907 notice of intent to dismiss his petition. However, because Mosley failed to raise this issue on appeal, the claim is waived. **Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa.Super. 2016). Moreover, because Mosley's PCRA petition is untimely, the PCRA court's failure to send Rule 907 notice does not constitute reversible error. **Id.**

in the matter of **Commonwealth v. Kareem Mosley**, CP-51-CR-0010695-2013.

Mosley's Br. at 3.

"Our standard of review is well settled." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Id**. (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

We do not reach Mosley's issues because his PCRA petition was untimely. The PCRA's time limitations are jurisdictional, and we may not address claims made in an untimely petition. **Id**. A PCRA petitioner must file a PCRA petition within one year of the date the judgment of sentence becomes final unless at least one of the statutory exceptions to the one-year rule applies. **See** 42 Pa.C.S.A. § 9545(b). A judgment becomes is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In this case, Mosley's latest judgment of sentence became final in July 2014, after the expiration of the time Mosley had to file a direct appeal. **See** Pa.R.A.P. 903(a) (providing that "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, the one-year deadline expired in July 2015, and the instant petition, filed in 2019, is patently untimely.

Therefore, the PCRA court lacked jurisdiction to review Mosley's petition unless he pleaded and proved that at least one of the statutory exceptions to the PCRA's one-year time-bar applied. Mosley bore the burden of pleading and proving the applicability of one of the exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that he could not have previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A court lacks jurisdiction to review any claim raised in an untimely PCRA, including those that cannot be waived on direct appeal, unless the petitioner pleads and proves an exception to the time-bar. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa.Super. 2011).

On appeal, Mosley claims that his trial counsel was ineffective for failing to file a direct appeal on his behalf and that he did not learn of this failure until "years later." Mosley's Br. at 6. However, Mosley did not attempt to invoke any timeliness exception in either his PCRA petition or in his appellate brief. He thus failed to "plead" any exception to the PCRA's timeliness requirement. Hence, the PCRA court lacked jurisdiction to consider the merits of Mosley's petition. ***See Jackson***, 30 A.3d at 521.

Furthermore, even if Mosley had pleaded that his trial counsel's failure to file an allegedly requested direct appeal constituted a new "fact" sufficient to invoke a timeliness exception to the PCRA's time bar, the current version of the PCRA provides that a petitioner must file a petition within one year of the discovery of the new fact, if the claim arose on or after December 24,

- 4 -

2017. 42 Pa.C.S.A. § 9545(b)(2). A petitioner must raise a claim arising before that date within 60 days of the date the petitioner could have first made the claim. *See* 42 Pa.C.S.A. § 9545(b)(2); Act 2018, Oct. 24, P.L. 894, No. 146, § 3.4. In addition, the petitioner must plead and prove to the court that the new "fact" was previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). In this case, Mosley failed to specifically identify when he discovered counsel failed to file an allegedly requested direct appeal on his behalf, let alone any reason that he could not have discovered that "fact" earlier, even with the exercise of due diligence. The PCRA court lacked jurisdiction to consider the merits of Mosley's petition, and we affirm the order dismissing his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/21