J-S16030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD MILLER | : | |
| | : | |
| Appellant | : | No. 1943 EDA 2020 |

Appeal from the PCRA Order Entered August 27, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1004711-2004

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                Filed: September 30, 2021

Howard Miller appeals *pro se* from the order denying as untimely his fourth petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] Miller asserts that his petition is timely under the newly discovered facts exception to the PCRA's time-bar. We affirm.

In February 2006, after a trial presided over by the Honorable Rose Marie DeFino-Nastasi, a jury convicted Miller of Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault and Corruption of Minors.[2] In May 2006, the trial court sentenced Miller to an aggregate term of 10 to 20 years' incarceration followed by a consecutive 10-year probation term. Miller

---

[*] Former Justice specially assigned to the Superior Court.

[1] Miller also sought PCRA relief in an unrelated case at docket number CP-CR-0904411-2004.

[2] 18 Pa.C.S.A. §§ 3121, 3123, 3125, and 6301(a), respectively.

filed a timely direct appeal, and this Court affirmed his judgment of sentence. *See Commonwealth v. Miller*, 970 A.2d 472 (Table) (Pa.Super. 2009). The Pennsylvania Supreme Court denied Miller's petition for allowance of appeal on July 28, 2009. *See Commonwealth v. Miller*, 981 A.2d 218 (Table) (Pa. 2009). Miller did not file a petition for writ of *certiorari* to the United States Supreme Court.

Miller filed his first, timely, PCRA petition in April 2010. PCRA Judge Defino-Nastasi appointed counsel, who filed an amended petition. The PCRA court ultimately dismissed Miller's petition and this Court affirmed. *See Commonwealth v. Miller*, 97 A.3d 815 (Table) (Pa.Super. 2014). The Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Miller*, 96 A.3d 1026 (Table) (Pa. 2014). Miller filed a second, *pro se*, PCRA petition in August 2014 and an amended petition in September 2014. The PCRA court dismissed this petition in April 2016 as untimely and Miller did not appeal that decision to this Court.

Next, on April 12, 2017, Miller filed a third *pro se* PCRA petition, this time claiming that a purported exculpatory affidavit from a potential witness constituted after-discovered evidence sufficient to render his petition timely. Without granting Miller relief, Judge Defino-Nastasi recused herself from this matter due to allegations Miller had lodged against her, on February 14, 2017. The matter was reassigned to the Honorable Leon W. Tucker, who later dismissed Miller's third petition. Miller did not pursue an appeal.

On April 13, 2020, Miller filed the instant *pro se* PCRA petition, his fourth. In his petition, Miller alleged that in early 2017 he had paid an associate of Judge Defino-Nastasi, David Shadding, $25,000 as a bribe, to be split between Shadding and the Judge in exchange for PCRA relief in connection with his third PCRA petition. Miller contended that proof of this bribe could be found on the docket as evidenced by multiple continuances he did not request and by Department of Corrections phone records, which would confirm communication between him and Shadding. Miller maintained that this "fraud" constituted a new fact sufficient to invoke a timeliness exception to the PCRA's time bar. The PCRA court disagreed and issued Pa.R.Crim.P. 907 notice of intent to dismiss Miller's petition. The court ultimately dismissed Miller's petition as untimely on August 27, 2020, and Miller timely appealed.[3] Miller and the PCRA court both complied with Pa.R.A.P. 1925.

Miller raises the following issues:

1) Whether the PCRA erred in determining that the PCRA petition was untimely because the petition was filed within 60 days of the

_____

[3] On January 15, 2021, this Court issued a rule to show cause why this appeal should not be quashed because Miller's notice of appeal was docketed on October 16, 2020, much more than 30 days after the PCRA court's August 27, 2020 dismissal order. **See** Pa.R.A.P. 903(a) (notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken). On February 3, 2021, Miller filed a *pro se* response and shortly thereafter this Court entered an order referring the matter to this panel. To be timely, Miller's notice of appeal had to be filed by September 28, 2020. Pursuant to the prisoner mailbox rule, we deem Miller's notice of appeal to be filed on September 2, 2020, and thereby timely. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa.Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing").

date receiving this evidence, and additionally, the Commonwealth suppressed all evidence and allowed a recusal when it became aware of the crimen falsi behavior of Judge Defino-Nastasi?

2) Whether the PCRA court's conclusion that Miller has no evidence that Judge Defino-Nastasi participated in corrupt behavior and his case is speculative, at best and contrary to **Rippa v. Baker**, 137 S.Ct. 905, 197 L/Ed.2d. 167 (2017), which held that appellant does not have to show that Judge Defino-Nastasi was "actually bias" in his case to establish a violation of due process when the correct legal standard is whether, as an objective matter, the average Judge in the position of Judge Defino-Nastasi is likely to be neutral, or whether there is an unconstitutional potential for bias?

Miller's Br. at 3.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020) (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

We reject Miller's claim that the subject PCRA petition was timely. We therefore do not reach any of his other appellate arguments.

The time limitations imposed by the PCRA are jurisdictional, and we may not address claims made in an untimely petition. **Anderson**, 234 A.3d at 737. A PCRA petitioner must file a PCRA petition within one year of the date the judgment of sentence becomes final or plead and prove that at least one of the three exceptions to the time-bar applies. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Here, Miller's judgment of sentence became final in 2009, when the Pennsylvania Supreme Court denied review, and the time in which to appeal to the Supreme Court of the United States expired. **See** 42 Pa.C.S.A.

§ 9545(b)(3). Therefore, as found by the PCRA court, Miller's 2020 PCRA petition was patently untimely because Miller filed it in excess of 10 years after his judgment of sentence became final. Miller therefore bore the burden of pleading and proving a timeliness exception.

Miller claims his petition is timely under the "new facts" exception. That exception requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii); **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa.Super. 2017). The "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. **See Commonwealth v. Robinson**, 185 A.3d 1055, 1062 (Pa.Super. 2018) (*en banc*). Further, pursuant to the version of subsection 9545(b)(2) applicable to Miller's claim, Miller had to file any petition claiming the exception within 60 days of the date he could have first made the claim.[4]

Here, Miller argues that his purported attempt to bribe Judge Defino-Nastasi in connection with his third PCRA petition satisfied the new fact

---

[4] Subsection 9545(b)(2) was amended effective December 24, 2018, to allow petitioners asserting a time-bar exception to file a petition making the claim "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545 (b)(2). However, the amendment applies only to claims arising on or after December 24, 2017. Because Miller's claim arose before that date, his claim is subject to the prior, shorter requirement that he present the claim within 60 days that he could have first done so. **See** Act of October 24, 2018, P.L. 894, No. 146, § 3.

exception to the PCRA's time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(ii). He thus maintains that the lower court erred by dismissing his petition as untimely.

We disagree. First, Miller fails to establish that he filed his petition within 60 days of the date he could have first claimed the new fact exception on this basis. **See** 42 Pa.C.S. § 9545(b)(2). He would have been aware of the failure of his bribery scheme in 2017, but he did not file the instant petition until 2020. That is far more than 60 days after he could have first asserted the claim. Thus, Miller's "new fact" argument must fail on this basis alone.

Moreover, Miller does not even attempt to establish that the failure of his bribery scheme constitutes a "fact" plausibly connected to a claim for PCRA relief, and we see no link. **See Robinson**, 185 A.3d at 1062. Hence, the PCRA court properly determined that Miller failed to invoke 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, the PCRA court did not err in dismissing Miller's fourth PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/21

- 6 -