J-S41019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
PRESTON WAYNE WALTERS   :
  :
Appellant   :   No. 924 MDA 2022

Appeal from the PCRA Order Entered June 7, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at CP-22-CR-0002967-2014

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:      **FILED: DECEMBER 14, 2022**

Preston Wayne Walters (Appellant) appeals *pro se* from the dismissal of

his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A.

§§ 9541-9546. We affirm.

The PCRA court summarized the history of this case as follows:

> On December 10, 2014, [Appellant] was found guilty
> following a bench trial of the offense of Robbery. On the same
> date, [the trial court] sentenced [Appellant] to a term of not less
> than ten (10) nor more than twenty (20) years in a state
> correctional institution. [Appellant] filed a timely Post-Sentence
> Motion which was denied on December 22, 2014. On January 20,
> 2015, [Appellant] filed a timely Notice of Appeal to the
> Pennsylvania Superior Court. On December 1, 2015, the Superior
> Court issued an unpublished Memorandum Opinion affirming the
> judgment of sentence. [Appellant] did not seek allowance of
> appeal in the Pennsylvania Supreme Court.

---

*Former Justice specially assigned to the Superior Court.

On November 30, 2016, [Appellant] filed his first petition for relief under the Post-Conviction Relief Act (PCRA). On November 21, 2017, after consideration of a previously held hearing on [Appellant]'s PCRA claims, we dismissed [Appellant]'s Petition. After [the PCRA c]ourt granted [Appellant] the right to file a Notice of Appeal *nunc pro tunc*, [Appellant] appealed our denial of his PCRA to the Superior Court. On August 28, 2019, the Superior Court affirmed our denial of [Appellant]'s PCRA Petition. On June 1, 2020, the Supreme Court denied allowance of appeal.

On September 24, 2021, [Appellant] filed a *pro se* second petition for relief under the PCRA, and PCRA counsel was appointed. On November 30, 2021, we dismissed [Appellant]'s second PCRA Petition without a hearing. [Appellant] did not seek an appeal of that dismissal.

On May 13, 2022, [Appellant] filed a *pro se* Writ of Habeas Corpus. The sole issue presented therein is that the Magisterial District Justice failed to sign and seal the Criminal Complaint and Affidavit of Probable Cause, thereby invalidating the arrest warrant and divesting the [trial c]ourt from exercising subject matter jurisdiction over the case.

Rule 907 Notice, 5/17/22, at 1-2 (footnote omitted).

The PCRA court properly treated Appellant's petition for a writ of *habeas corpus* as a PCRA petition. *Id.* at 2, citing **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa. Super. 2020) ("[A]ny claim for relief that is cognizable under the PCRA must be treated as a PCRA petition and titling a petition as a claim for a writ of *habeas corpus* does not avoid the PCRA's timeliness requirements."). The PCRA court further observed that Appellant's claim regarding jurisdiction "is one of the specifically enumerated bases for PCRA relief. 42 Pa.C.S.A. § 9543(a)(2)(viii)." *Id.* at 2.

As indicated above, the PCRA court issued notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The

PCRA court dismissed Appellant's petition on June 7, 2022. Appellant timely appealed. The PCRA court stated "for purposes of appellate review, the [PCRA court's] reasons for dismissing [Appellant]'s PCRA petition were discussed" in its Rule 907 Notice. Memorandum Statement in Lieu of Opinion, 6/28/22.

We review the PCRA court's findings "to see if they are supported by the record and free from legal error. Th[is C]ourt's scope of review is limited to the findings of the PCRA court viewed in the light most favorable to the prevailing party." *Commonwealth v. Sarvey*, 199 A.3d 436, 445–46 (Pa. Super. 2018) (citations omitted).

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco,* 996 A.2d 1076, 1079 (Pa. Super. 2010) (citing *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa. 2003)). The PCRA provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1); *accord Monaco,* 996 A.2d at 1079. A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

There are three statutory exceptions to the PCRA's time requirement. 42 Pa.C.S.A. § 9545(b)(1). The late filing of a petition will be excused if a petitioner alleges and proves:

the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If invoking an exception, the petitioner must file the petition "within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

This Court affirmed Appellant's judgment of sentence on December 1, 2015, and he did not seek allowance of appeal with the Pennsylvania Supreme Court. Therefore, his judgment of sentence became final on or about December 31, 2015. *See* Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days …"). Appellant had one year to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). He did not file the underlying petition until May 13, 2022, and he has not proved an exception to the PCRA timeliness requirement. As the PCRA court stated, the criminal complaint Appellant challenges "is the same one that has always existed in his case, and nothing has prevented [Appellant]

from raising this claim earlier in a timely fashion." Rule 907 Notice, 5/17/22, at 5. Also, there is no support for Appellant's claim of a jurisdictional defect.[1]

In sum, Appellant's petition is untimely and does not qualify for a statutory exception to the PCRA's timeliness requirement. We therefore affirm the denial of relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2022

---

[1] The PCRA court observed the "Complaint was, in fact, appropriately signed." Rule 907 Notice, 5/17/22, at 3 n.2. Further, "even if the Criminal Complaint had not been signed, that fact would not divest the [trial c]ourt of subject matter jurisdiction." *Id.* at 3 (citing **Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa. 2007)).