J-S03012-20

2020 PA Super 143

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ORLANDO ANDERSON | : | |
| | : | |
| Appellant | : | No. 545 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000176-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ORLANDO ANDERSON | : | |
| | : | |
| Appellant | : | No. 546 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000177-2013

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

OPINION BY McLAUGHLIN, J.:                    **FILED JUNE 17, 2020**

Orlando Anderson appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims that the PCRA court erred when it deemed his claim untimely, and argues that the registration requirements set forth in Act 10[1] are

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10).

unconstitutional. Upon review, we conclude that Anderson has not proven that any of the exceptions to the PCRA time-bar apply. Accordingly, we affirm.

On July 15, 2013, Anderson pleaded guilty to a large number of charges at two docket numbers. At docket No. 2013-00176, he pled guilty to involuntary deviate sexual intercourse, aggravated assault-serious bodily injury, burglary, aggravated indecent assault,[2] and related offenses. At docket No. 2013-00177, he pled guilty to involuntary deviate sexual intercourse, aggravated assault-serious bodily injury, burglary, aggravated indecent assault, and related offenses. The trial court sentenced Anderson to an aggregate sentence of 12 to 40 years of incarceration, and informed Anderson of his lifetime sexual offender registration. Anderson did not file post sentence motions or a direct appeal.

More than four years after his pleas and sentencing, on September 12, 2017, Anderson filed the instant PCRA petition. The PCRA court appointed counsel who filed an amended petition. On January 29, 2019, the PCRA court issued notice of its intent to dismiss the petition as untimely. It denied the petition on March 27, 2019, as untimely. This timely appeal followed.

Anderson raises two issues on appeal:

1. Whether the [PCRA] court erred in ruling that it lacked jurisdiciton [sic] to adjudicate the merits of the amended PCRA petition and/or petition for writ of *habeas corpus*?

---

[2] *See* 18 Pa.C.S.A. §§ 3123(a)(1), 2702(a)(1), 3502(c)(1), and 3125(a)(1) respectively.

2. Whether the [PCRA] court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state *ex post facto* and double jeopardy clauses?

Anderson's Br., at 5.

Preliminarily, we note that the PCRA court correctly treated Anderson's Amended PCRA Petition and/or Petition for Writ of *Habeas Corpus* solely as a PCRA petition. The PCRA subsumes the writ of *habeas corpus* to the extent that the grounds on which the petitioner seeks relief fall within the scope of claims for which the PCRA could offer a remedy. This is so regardless of whether the PCRA's time-bar prevents a petitioner from obtaining relief under the PCRA. **See Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013). In other words, any claim for relief that is cognizable under the PCRA must be treated as a PCRA petition, and titling a petition as a petition for a writ of *habeas corpus* does not avoid the PCRA's timeliness requirements. **See id.** at 466.

Here, Anderson's claim that he is serving an illegal sentence pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), is cognizable under the PCRA. **See Commonwealth v. Rivera-Figueroa**, 174 A.3d 674 (Pa.Super. 2017); **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (challenges to legality of sentence "must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Therefore, the writ of *habeas corpus* is not available for this claim.

Our standard of review is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is

supported by the record and free of legal error." ***Commonwealth v. Smith***, 181 A.3d 1168, 1174 (Pa.Super. 2018) (citation omitted).

Before we can reach the merits of Anderson's claim, we must first consider whether his PCRA petition is timely. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014). Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

The trial court sentenced Anderson on July 15, 2013, and he did not file a direct appeal. Consequently, his judgment of sentence became final on August 14, 2013. The one-year time-bar therefore expired on August 14,

2014. **See** 42 Pa.C.S.A. § 9545(b)(1) (indicating that absent exception, PCRA petitions must be filed within one year of date judgment becomes final). Accordingly, the instant petition, filed September 12, 2017, is facially untimely and the PCRA court lacked jurisdiction to review Anderson's claim unless he was able to successfully plead and prove one of the statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, Anderson attempts to assert the newly recognized constitutional right exception to the time-bar. He claims that his lifetime registration requirements are unconstitutional pursuant to our Supreme Court's decision in **Muniz**. However, because our Supreme Court has not held that **Muniz** applies retroactively, Anderson has not satisfied the requirements of the third exception to the time-bar. **See Commonwealth v. Murphy**, 180 A.3d 402, 405-07 (Pa.Super. 2018).

Anderson filed his petition more than a year after his judgment of sentence became final without having pleaded and proven an exception to the PCRA time-bar. Further, his claim is not cognizable under the writ of *habeas corpus*. Accordingly, the PCRA court properly denied his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2020