J-S51021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                          :
            v.                         :
                                          :
                                          :
GREGORY MAURICE WYATT         :
                                          :
            Appellant           :   No. 870 MDA 2020

Appeal from the PCRA Order Entered June 9, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003361-2013

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 02, 2021**

Gregory Maurice Wyatt appeals *pro se* from the order denying his third Post Conviction Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On June 2, 2014, Wyatt pleaded guilty to Third-Degree Murder, Robbery, Possession of a Firearm by a Prohibited Person, and Carrying a Firearm without a License.[1] The court sentenced him that same day to an aggregate term of 25 to 30 years' incarceration. Wyatt filed a post-sentence motion to withdraw his guilty plea, but withdrew his motion following a hearing on July 11, 2014. Wyatt did not file a direct appeal. Wyatt thereafter filed two PCRA petitions, neither of which resulted in relief.

---

[1] ***See*** 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 6105(a)(1), and 6106(a), respectively.

Wyatt filed the instant PCRA petition, *pro se*, on April 3, 2020. The PCRA court determined that Wyatt's judgment of sentence became final on August 11, 2014, 30 days after he withdrew his post-sentence motion and the period in which to file a direct appeal had expired. PCRA Court Rule 907 Notice, 5/20/20, at 2 (citing 42 Pa.C.S.A. § 9545(b)(3)). As he did not file his petition within a year of that date, the court found it was untimely. *Id.* (citing 42 Pa.C.S.A. § 9545(b)(1)). The court noted that Wyatt's petition did not plead any of the statutory exceptions to the one-year time limit, but rather he "focuse[d] his arguments on plea counsel's alleged ineffective assistance." *Id.* at 2 n.2 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). The court issued a Rule 907 notice of its intent to dismiss Wyatt's petition, and thereafter dismissed the petition as untimely. *See* Pa.R.Crim.P. 907.

Wyatt appealed, raising the following:

1. Whether [Wyatt] should be given relief under a newly after discovered evidence claim under 42 Pa.C.S.[A. §] 9543(a)(2)(v) of the Post-Conviction Relief Act based upon a fraudulent arrest warrant [Wyatt] just received on November 5, 2019[, f]rom Barbara W. Pianka, 12-1-02, when she wasn't the issuing author[ity] of the arrest warrant Joseph P[.] Lindsey was 12-0-00 [sic]?

2. Is [Wyatt] eligible for relief under the Post-Conviction Relief Act due to his conviction and sentence resulting from ineffective assistance of counsel?

3. Was defense counsel ineffective according to 42 Pa.C.S.A. [§] 9543(a)(2)(ii)?

4. Was defense counsel ineffective according to 42 Pa.C.S.A. [§] 9543(a)(2)(iii)?

5. Whether the sentencing court abused its discretion in ignoring the sentencing guidelines?

6. Whether trial counsel's defense was [in]adequately funded and thus [Wyatt's] sixth Amendment rights were violated under standards articulated in **United States v. Cronic**, 466 U.S[.] 648 (1984) and under additional Pennsylvania Constitutional grounds as articulated in **Karen v. Luzerne [C]ounty**, 146 A.3d 715 (Pa. 2016).

7. Challenge 18 Pa.C.S.A. [§] 6501[(a)(1)] 5 to 10 year sentence, and 18 Pa. C.S.A [§] 3701 10 to 20 year sentence. In addition to 9712 statu[t]e that was used on the guideline sentence form to give petitioner his sentence. In accordance with the United States Supreme [C]ourt precedents in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), [Wyatt's] factors which placed him in a mandatory sentence statu[t]e. These factors were not raised in front of a jury, to be deliberated on guilt or innocence, violating [Wyatt's] sixth Amendment right to due process of law.

8. Challenge [Wyatt's] sentence, which exceeds the upper limit of the standard range sentence in the basic sentence matrix, and fell within the aggravated Pennsylvania sentencing guideline range. **Common**[**wealth**] **v. Brian T. Mro[z]ik**, 213 A.[3]d 273 ([Pa.Super.] 2019). The sentence was improper, as the court did not state [its] reasons for imposing an aggravated range sentence on the record or on the Pennsylvania Guideline form, because the District Attorney never filed a guideline sentence form in [Wyatt's] case [p]ursuant to 204 Pa. Code 303.1 (d) and (c). The Pennsylvania guideline range refers to an offender's minimum sentence, the sentencing guidelines provide for minimum and not maximum sentences.

9. Challenge [Wyatt's] out-of-state record score [p]ursuant to 204 Pa[.] Code 308.

10. Ineffective assistance of counsel, failing to advise [Wyatt] of a one-day time deal that the District Attorney's offered, but counsel Deanna A. Muller, never advised her client about plea deal and it lapsed. Where [Wyatt] has evidence that counsel said [Wyatt] turned down Plea.

11. The court lacked subject matter jurisdiction because the criminal complaint did not contain the District Attorney's signature, as required under Pa. R.C.P. 507(B) and Pa. R.C.P. 225.

12. Ineffective assistance of counsel for failing to object to the criminal complaint for lacking District Attorney's signature, under Discovery Rule 573 and in violation of 42. Pa. C.S.A. [§] 8931 (d) (c). As well as the hand writing of the same District Attorney's, hand writing on two separate complaints being different handwriting.

[13.] The court erred when it sentenced [Wyatt] to pay fines in the amount [of] $9,513.79 without a determination of his ability to pay. By statute, the court shall not sentence a defendant to pay a fine unless it appears of record that [the] defendant is or will be able to pay such fines. 42 Pa.C.S.A. § (b)(c)(2)[sic].

Wyatt's Br. at 4-8 (suggested answers omitted).

"Our standard of review is well settled." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Id.** (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

The time limitations imposed by the PCRA are jurisdictional, and we may not address claims made in an untimely petition. **Id.** This rule applies with equal force to PCRA claims based on counsel ineffectiveness. **See Commonwealth v. Pursell**, 749 A.2d 911, 915-16 (Pa. 2000).

We agree with the PCRA court that as Wyatt did not file his PCRA petition within one year of when his judgment of sentence became final, it is patently untimely. **See** 42 Pa.C.S.A. §§ 9545(b)(1), 9545(b)(3). Furthermore, Wyatt has made no cogent argument in either his PCRA petition or his brief regarding any of the statutory exceptions to the time bar. The only argument he raises on appeal that could be construed as implicating timeliness is his allegation

that he did not obtain a copy of the arrest warrant in his case until November 5, 2019. Wyatt alleges that the copy is fraudulent, proves that there was no probable cause for his arrest, and establishes his trial counsel's ineffectiveness. **See** Wyatt's Br. at 13-14; **see also** 42 Pa.C.S.A. § 9545(b)(ii) (providing petition timely if predicated on newly-discovered facts).[2] However, even if he had pleaded the new facts exception in his PCRA petition, which he did not, Wyatt's allegedly recent receipt of such evidence does not render his petition timely, as Wyatt has never explained why he could not,  with the exercise of due diligence, have obtained it earlier. **See** 42 Pa.C.S.A. § 9545(b)(ii) (providing under newly-discovered facts exception, petitioner must plead and prove facts upon which petition is based "could not have been ascertained by the exercise of due diligence").

As Wyatt failed to plead and prove an exception to the PCRA's time limitations, the PCRA court was without jurisdiction to entertain his substantive claims. We affirm the order dismissing his petition.

Order affirmed.

---

[2] Wyatt raised this argument in his PCRA Petition and preserved it in his Rule 1925(b) statement. **See** PCRA Pet., 4/3/20, at 4 (unpaginated); Rule 1925(b) Statement, 7/10/20, at 1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2021