J-S11019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE DOCKERY | : | |
| | : | |
| Appellant | : | No. 2479 EDA 2022 |

Appeal from the PCRA Order Entered August 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004934-2012

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 06, 2023**

Tyree Dockery appeals *pro se* from the order dismissing his second Post Conviction Relief Act ("PCRA") petition for untimeliness. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts of the case have been summarized as follows.

On December 12, 2005, in Philadelphia, [Dockery's] friend, Denzel Deverteuil, physically fought Juan Hayes on the street. Hayes and Deverteuil agreed that the fight, over an unpaid loan, would be fair and without weapons. The two fought for several minutes before Deverteuil refused to fight and walked away. Hayes told Deverteuil that the fight was not over and that he would return.

Hayes later returned, without weapons, with his brother-in-law, the decedent, Cleo Flynn. As Hayes parked, Deverteuil walked away. As he walked away, Deverteuil saw a man—which appeared to be [Dockery], whom he identified as Buddha—running toward Hayes and Flynn. (On March 1, 2012, after [Dockery] was arrested in North Carolina, he told detectives that his nickname was "Buddha."). Immediately after Hayes and Flynn exited their vehicle, [Dockery] appeared from behind another vehicle and fired

three to four shots at Hayes and Flynn. Flynn later died at Temple University Hospital.

Following the shooting, [Dockery] fled to North Carolina. In the summer of 2011, [Dockery's] aunt and a former Philadelphia Police Officer, called the Philadelphia Police and informed them that she had learned from her daughter, Sharlita Razor, that during [Dockery's] recent stay with Sharlita and William Razor, he had confessed to a shooting in Philadelphia. Sharlita and William Razor each gave statements to the police describing [Dockery's] confession.

At trial, both Hayes and Deverteuil identified [Dockery] as the shooter.

PCRA Ct. Op., filed 4/12/17, at 2-3 (citations to trial transcript omitted).

Dockery was charged with murder generally, firearms not to be carried without a license, and possession an instrument of crime ("PIC").[1] Prior to trial, the Commonwealth filed notice that if convicted, Dockery would be subject to a mandatory minimum sentence, based on his criminal history and his use of a firearm. *See* 42 Pa.C.S.A. §§ 9712(b),[2] 9714(d).

The jury found Dockery guilty of third-degree murder[3] and the two other charges. At the sentencing hearing, the court acknowledged that Dockery's prior record score was zero. *See* N.T., 4/11/14, at 2, 29, 31. However, the court stated it considered, among other things, that Dockery had previously been arrested for resisting a public officer. *Id.* at 30-31. It sentenced Dockery

---

[1] *See* 18 Pa.C.S.A. §§ 2502, 6106 and 907.

[2] 42 Pa.C.S.A. §§ 9712(b) was rendered unconstitutional by *Alleyne v. United States*, 570 U.S. 99 (2013), as recognized in *Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa.Super. 2014).

[3] *See* 18 Pa.C.S.A. § 2502(c).

- 2 -

to 20 to 40 years' incarceration for third-degree murder and a consecutive two and one half to five years' incarceration for carrying a firearm without a license. The court imposed no further penalty for PIC. Despite the Commonwealth's earlier notice, the Commonwealth did not seek, and the court did not impose, any mandatory minimum sentences.

Dockery appealed. We affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal in 2015. **See Commonwealth v. Dockery**, No. 1423 EDA 2014, 2014 WL 10786950 (Pa.Super. 2014) (unpublished mem.), *appeal denied*, 114 A.3d 1038 (Pa. 2015).

Dockery filed his first PCRA petition in 2016. Relevant here, Dockery challenged the legality of his sentence under **Alleyne**, which "held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt." **Valentine**, 101 A.3d at 809. The PCRA court dismissed the petition, and we affirmed. **See Commonwealth v. Dockery**, No. 2063 EDA 2017, 2018 WL 1516349 (Pa.Super. 2018) (unpublished mem.). We found the **Alleyne** claim baseless because Dockery had not been subject to a mandatory minimum sentence. **Id.** at *4. We also observed that **Alleyne** does not apply retroactively to cases on collateral review. **Id.**

Dockery filed the instant PCRA petition, his second, *pro se* on January 13, 2021. He again alleged his sentence was illegal pursuant to **Alleyne**, but this time, he argued his trial counsel had been ineffective for failing to object when the Commonwealth gave notice that a mandatory minimum sentence

would apply. Dockery also argued his counsel had been ineffective in failing to object when the court had considered his arrest for resisting an officer as an aggravating factor at sentencing. *See* PCRA Pet., 1/13/21, at 3-5; PCRA Ct. Order and Op., filed 3/11/21, at 3.

The PCRA court dismissed the petition as untimely, without holding a hearing.[4] *See* PCRA Ct. Order and Op. at 6. It also found Dockery's ineffectiveness claim based on *Alleyne* claim lacked merit, as the court had not imposed a mandatory minimum sentence. It found that Dockery's other ineffectiveness claim failed because the sentencing court had acknowledged on the record that Dockery's prior record score was zero and that his arrest for resisting an officer had not resulted in a conviction, and because the sentence was primarily based on other aggravating factors. This timely appeal followed.[5]

---

[4] The court first issued notice of its intent to dismiss the petition without a hearing, in compliance with Pa.R.Crim.P. 907(1).

[5] Dockery initially failed to file a timely appeal, instead erroneously filing a Pa.R.A.P. 1925(b) statement. He thereafter sought reinstatement of his appellate rights regarding the dismissal of his second petition, which the PCRA court granted. Dockery then filed a timely notice of appeal from the dismissal of his second PCRA petition.

On appeal, this Court observed that the lower court docket did not contain a notation that it had served the final order dismissing Dockery's second petition on Dockery, or the date of service. We therefore quashed the appeal as premature and directed the lower court to amend the docket. *See* ***Commonwealth v. Dockery***, No. 1229 EDA 2021, 2022 WL 1102150 (Pa.Super. filed April 13, 2022) (unpublished mem.); ***but see***
*(Footnote Continued Next Page)*

Dockery presents two issues:

1. Was [Dockery] sentenced under the mandatory minimum/enhancement act, in violation of the United States Supreme Court[']s holding in **Alleyne v. U.S.**, 570 U.S. 99 (2013)[?]

2. Did the trial [j]udge use a[n] aggravating circumstance during her deliberations in sentencing [Dockery] to the ultimate sentence he received[?]

Dockery's Br. at 2 (unpaginated) (suggested answers omitted).

Dockery argues that he was subjected to an illegal mandatory minimum sentence and attaches as proof a copy of the docket showing that the Commonwealth filed a pre-trial "Notice of Mandatory Minimum Sentence Case." **See id.** at Ex. 1. Unlike his petition, Dockery does not frame this issue

_____

**Commonwealth v. Mowery**, 290 A.3d 659 at *4 n.12 (Pa.Super. 2022) (unpublished mem.).

The PCRA court, attempting to comply with our directive, entered another order dismissing Dockery's second PCRA petition and directing that the docket reflect service of the order on Dockery. Dockery then filed another notice of appeal. However, this Court observed that the PCRA court had issued the order before we had remanded the record and returned jurisdiction to the PCRA court. We accordingly issued a *per curiam* order finding the PCRA court's order to be a legal nullity and dismissing the appeal. **See Commonwealth v. Dockery**, No. 1379 EDA 2022 (Pa.Super. July 15, 2022) (*per curiam* order).

We again remanded and relinquished jurisdiction. **See** Certificate of Remittal/Remand of Record, 8/18/22, at 1. The PCRA court thereafter entered an order dismissing Dockery's second PCRA petition, providing that the docket reflect the date of service on Dockery, and directing Dockery to file a new notice of appeal. **But see** Pa.R.A.P. 905(a)(5) (stating premature notice of appeal shall be treated as filed on the date of entry of the relevant appealable order). The docket now reflects that the court served Dockery with notice of the order on August 24, 2022, by certified mail. Dockery filed a new notice of appeal on September 16, 2022. We find no jurisdictional impediments to our review.

as implicating counsel's effectiveness. He further argues that the transcript of his sentencing shows that the sentencing court improperly considered his arrest for resisting an officer as an aggravating factor in imposing sentence. He attaches a copy of his criminal history to show that he was not convicted of that crime. *See id.* at Ex. 2. Dockery asserts that his claims are neither untimely nor waived, because they go to the legality of his sentence.

"Our standard of review is well settled." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Id.* (citation omitted).

The PCRA court held that Dockery's petition was untimely. Timeliness of a PCRA petition is a jurisdictional prerequisite. *Id.* To be timely, any PCRA petition, whether a first petition or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless the petitioner pleads and proves at least one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Id.*[6] For purposes of the PCRA, a

---

[6] These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Dockery's judgment of sentence became final in 2015. Dockery did not file his petition within a year of his judgment of sentence becoming final. He instead did not file it until 2021. Dockery did not plead, much less prove, that any of the time-bar exceptions apply, and none of his claims appear to implicate any of them. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Although Dockery argues his claims are not subject to timeliness review because, in his view, they go to the legality of his sentence, he is incorrect. An allegation of illegality is not, on its own, an exception to the PCRA's one-year time bar. Although the PCRA provides an avenue for obtaining relief from an illegal sentence, such claims may be entertained on collateral review only if presented in a timely PCRA petition. **See Commonwealth v. Woods**, 179 A.3d 37, 43 (Pa.Super. 2017).[7] Dockery has not shown that the PCRA court committed legal error.

_____

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

[7] **But see Commonwealth v. Moose**, 245 A.3d 1121, 1129 (Pa.Super. 2021) (_en banc_) (stating claims related to the constitutionality of sex offender registration and reporting statutes are exempt from PCRA timeliness requirements), _appeal denied_, 268 A.3d 1077 (Pa. 2021).

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* <u>7/6/2023</u>