J-A26028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM JOHNSON | : | |
| | : | |
| Appellant | : | No. 78 EDA 2023 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007442-2010

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 5, 2024**

Raheem Johnson appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. He claims the court erred in concluding that his petition was untimely. We affirm.

In 2011, a jury found Johnson guilty of third-degree murder and carrying firearms on public streets or public property in Philadelphia.[1] Johnson's convictions stem from the murder of a victim that Johnson shot multiple times. The court sentenced Johnson to concurrent terms of 20 to 40 years' incarceration for third-degree murder and two and a half to five years' incarceration for the firearms charge. We affirmed the judgment of sentence in 2013. ***See Commonwealth v. Johnson***, No. 517 EDA 2012, 2013 WL 11255623 (Pa.Super. filed Sept. 24, 2013) (unpublished mem.).

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 6108, respectively.

In June 2021, Johnson filed the instant PCRA petition, his second, asserting the "new fact" exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). He alleged that his former girlfriend, Andrea Brewington, witnessed the murder and claimed that Johnson acted in self-defense. The PCRA court scheduled an evidentiary hearing and aptly summarized the evidence presented:

> Andrea Brewington, [Johnson's] former girlfriend, testified that she was present with [Johnson] on November 13, 2009, and witnessed the shooting. Brewington did not appear to testify at trial as she had ended her relationship with [Johnson] and started a new life. Brewington changed her phone number, moved to a new address, and broke off contact with [Johnson] and his family. Brewington was not aware of [Johnson's] trial in 2011.
>
> Brewington grew up with [Johnson] in the Olney neighborhood of Philadelphia. [Johnson] and Brewington's brother were best friends and attended grade school and high school together. Their families were close. Brewington's brother was murdered a few months prior to this incident. Brewington and [Johnson] were dating for a few months prior to her brother's murder.
>
> Brewington swore out an affidavit stating that [Johnson] shot the decedent in self-defense after wrestling the gun from the decedent, who was attempting to shoot [Johnson]. Brewington did not speak to police at the scene, but instead left before they arrived. [Johnson] secreted himself in North Carolina and Brewington went there for a few weeks but returned to Philadelphia prior to [Johnson's] arrest. After returning to Philadelphia, Brewington was emotionally drained from her brother's death and the incident with [Johnson] so she decided to move on and put everything behind her. She relocated by moving to a different area in Philadelphia. She changed her phone number and did not give it to anyone.
>
> In 2021, Brewington received a call from a friend, Kasheef Jones, who had been released from prison after serving a ten-year sentence. Jones was also friends with

[Johnson] and Brewington's late brother. Brewington and Jones discussed [Johnson's] situation and Brewington stated that she regretted not coming forward and that she was willing to "right the wrong."

On cross-examination, Brewington testified that she did not want to come forward because she was on state parole at the time of the incident which did not expire until 2014. She knew there was a warrant for [Johnson] for murder when she went to stay with him in North Carolina. Although Brewington cut ties with [Johnson], she remained at the same place of employment at Khepera Charter School where her son attended school. [Johnson] was aware of where she worked and that she was on state parole. Notes of Testimony[,] 10/28/2022, 5-58.

[Johnson] testified that Brewington was with him on the day of the murder. After Brewington left [Johnson] in North Carolina, he attempted to find her prior to his trial but was unsuccessful. He related this information to trial counsel one week prior to trial and requested counsel to locate her to testify, but counsel was unsuccessful. [Johnson] made no attempts to locate Brewington after trial. [Johnson] conceded that he knew Brewington was on state parole prior to the incident and that he did not ask anyone to contact her parole officer to find her. **Id.**, 59-74.

Rule 1925(a) Opinion, filed 3/13/23, at 2-4.

The court concluded that Johnson failed to plead and prove the new fact exception. It determined that the facts presented were not "new facts" because Johnson knew that Brewington was present the night of the murder. N.T., PCRA Hearing, 10/28/22, at 84, 85. It further concluded that Johnson failed to prove due diligence. The court stated that Brewington "was a person who [Johnson] was quite aware of and could have, if he was duly diligent, found out or secured within the nine years that it took for this hearing to occur." **Id.** at 87. Following the hearing, the court issued notice of its intent

to dismiss the petition. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, filed 10/28/22; Pa.R.Crim.P. 907(1). The court dismissed Johnson's PCRA petition, and this timely appeal followed. *See* Order, filed 12/1/22.

Johnson raises the following question:

> Did the PCRA Court err in denying post-conviction relief under the PCRA because [Johnson] proved the unavailability, at the time of Trial, exculpatory evidence, that subsequently became available after Trial, and would have changed the outcome of the Trial if it had been introduced, where [Johnson] established by a preponderance of the evidence at the PCRA Hearing, that facts known to Andrea Brewington concerning circumstances how the decedent was killed, could not have been obtained earlier through reasonable diligence; nor was the evidence cumulative; nor was the evidence being used solely to impeach credibility; and the evidence would likely have compelled a different verdict?

Johnson's Br. at 7 (answer of PCRA court omitted).

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020). (quoting *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

We do not reach the merits of Johnson's substantive claim because we agree with the PCRA court that his petition was untimely. The PCRA's time limits are jurisdictional. *See id.* A petitioner must file a PCRA petition within one year after the petitioner's judgment of sentence has become final unless the petitioner pleads and proves an exception to the one-year deadline. *See*

42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). The exceptions to the one-year time-bar are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). If the petitioner claims an exception, the petitioner must file the petition within one year of the date the claim could have been raised. *See id.* at § 9545(b)(2).

Here, Johnson's judgment of sentence became final on October 24, 2013, at the end of the time to petition the Pennsylvania Supreme Court for allowance of appeal. *See id.* at § 9545(b)(3); Pa.R.A.P. 1113(a) (providing 30 days to petition for allowance of appeal). The instant petition filed in June 2021 was patently untimely. Johnson claims that his petition was timely under the new fact exception, alleging that he "would not have known or ha[ve] reason to believe Brewington had witnessed the decedent actually pulling a

gun on Johnson, because Johnson would not have been able to see Brewington, who said she was behind Johnson." Johnson's Br. at 33. He also claims that he exercised due diligence considering that Brewington purposefully made herself "unlocatable." *Id.* at 37.

A petitioner satisfies the new fact exception when the petitioner pleads and proves that "(1) the facts upon which the claim [is] predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)) (emphasis omitted). "Due diligence demands that the petitioner take reasonable steps to protect [their] own interests." *Commonwealth v. Howard*, 285 A.3d 652, 659 (Pa.Super. 2022). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (internal quotation marks, citation, brackets, and emphasis omitted).

Johnson did not meet the new fact exception. He knew at the time of the killing whether he acted in self-defense and knew that Brewington witnessed the shooting. Brewington's account that Johnson was defending himself thus did not alert him to any "unknown" facts. We affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2024