J-S31039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE DAVIS | : | |
| | : | |
| Appellant | : | No. 2234 EDA 2022 |

Appeal from the PCRA Order Entered August 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0229071-1984

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 11, 2023**

Tyrone Davis appeals from the order dismissing his sixth Post Conviction Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Davis stood trial for the first-degree murder of Anthony Bolden.[1] The Commonwealth argued that Davis was guilty under a theory of accomplice liability, regardless of whether it was Davis or his co-defendant who had fired the shots that killed Bolden. The jury found Davis guilty, and the court sentenced him to life imprisonment. This Court affirmed Davis's judgment of sentence, and the Supreme Court denied Davis's petition for allowance of appeal on September 25, 1987.

---

[1] **See** 18 Pa.C.S.A. § 2502. Davis was also charged with possessing an instrument of crime. **See id.** at § 907.

Davis filed his first PCRA petition in 1988. The court appointed counsel, who moved to withdraw and filed a no-merit letter. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court dismissed the petition and granted counsel leave to withdraw. Davis filed an untimely *pro se* notice of appeal, which this Court dismissed.

Davis filed his second, third, fourth, and fifth PCRA petitions, *pro se*, in 1996, 2006, 2007, and 2012. No relief was granted.

Davis filed a sixth PCRA petition *pro se* in May 2017. He alleged *Commonwealth v. Burton*, 158 A.2d 618 (Pa. 2017), had recognized a new, retroactive constitutional right that applied to his case.[2] The PCRA court issued

---

[2] In his sixth petition, Davis alleged that *Burton* expressly overruled *Commonwealth v. Chester*, 895 A.2d 520 (Pa. 2006), upon which he claimed this Court had relied when affirming the dismissal of his fifth PCRA petition as untimely. Davis's fifth petition had sought reinstatement of his right to appeal the dismissal of his fourth petition, of which Davis claimed he had not received notice. Our Court affirmed the dismissal of Davis's fifth petition because the docket sheet showing the dismissal of Davis's fourth petition was a matter of public record, and Davis could have discovered the dismissal through the exercise of due diligence. However, we also stated that even if Davis's fifth petition had been timely on the basis that Davis had not received notice of the dismissal of his fourth petition, reinstating Davis's right to appeal the dismissal of his fourth petition would have not led to relief, because his fourth petition, based on *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), had been untimely as well. *See Commonwealth v. Davis*, No. 427 EDA 2013, 2014 WL 10986799, unpublished mem. at *4 (Pa.Super. filed Feb. 18, 2014).

notice of its intent to dismiss the petition without a hearing,[3] and, after Davis responded, dismissed the petition in August 2017 as untimely.

Davis filed a seventh PCRA petition, *pro se*, in March 2018. His seventh petition asserted that he had never received a copy of the August 2017 order dismissing his sixth petition and that he had been unaware that it had been dismissed until the clerk of courts responded to his request for an updated docket sheet in February 2018. He argued he filed his seventh petition within 60 days of learning of the dismissal of his sixth petition. Davis sought reinstatement of his right to appeal from the dismissal of his sixth petition.

Before the court took any action on his seventh petition, Davis filed an amended PCRA petition, *pro se*, in August 2018. In his amended petition, Davis argued his trial counsel had been ineffective for failing to object to the court's instruction on accomplice liability for first-degree murder. He asserted his claim was timely as it was filed within 60 days of when he learned of the Third Circuit decision in ***Bennett v. Superintendent Graterford SCI***, 886 F.3d 268 (3d Cir. 2018). Davis filed another amended petition, *pro se*, in April 2021, raising the same claim.

The court appointed counsel on Davis's seventh and amended petitions in October 2021. Counsel filed an amended petition in January 2022, advancing Davis's request for reinstatement of his right to appeal from the

---

[3] The Rule 907 notice is not in the certified record and does not appear on the docket. However, Davis responded to the notice, and has stated that he received it on August 3, 2017. **See** PCRA Pet., 3/8/18, at 3.

dismissal of his sixth petition. Counsel also repeated Davis's claim that his trial counsel had been ineffective for failing to object to the jury instruction on accomplice liability. However, counsel did not request relief on this point, and stated in a footnote that he was "unable to ethically advance this claim" because he considered it to be untimely. Amended PCRA Pet., 1/22/22, at 9 n.2 (unpaginated).

The Commonwealth filed a letter in response. The letter stated the Commonwealth did not oppose the reinstatement of Davis's right to appeal his sixth petition, as Davis had not been served notice of the dismissal of his sixth petition pursuant to Pa.R.Crim.P. 907(4).

The court reinstated Davis's right to appeal from the dismissal of his sixth petition but granted no other relief.[4] According to the court's Rule 1925(a) opinion, it found Davis's claim of ineffectiveness in relation to the jury instruction to be both untimely and meritless.

Davis did not appeal from the order granting only partial relief on his seventh petition. Instead, through counsel, Davis filed notice of appeal from the order dismissing his sixth petition. Nonetheless, the only issue Davis raises in the instant appeal is an issue he first raised in his seventh petition:

> Where [Davis's] prior PCRA counsel was ineffective for failing to allege that trial counsel was ineffective for failing to object to the trial court's inaccurate accomplice liability instruction, can relief

_____

[4] There is no written order in the certified record. The docket states the court entered an order on August 3, 2022, stating, "Defendant's appeal Rights Reinstated," and "New fact exception has been satisfied." Docket Entry No. 139.

be granted on this claim pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021)?

Davis's Br. at 4.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

Davis argues his trial counsel was ineffective for failing to object to the court's instruction on accomplice liability and that his prior PCRA counsel, who represented him for his first PCRA petition, was ineffective for failing to raise this claim. Davis concedes that this claim "does not fit into one of the three existing codified exceptions" for PCRA timeliness.[5] **Id.** at 58. However, he argues we should deem his claim timely "under the reasoning employed, and adopted, by our Supreme Court in [**Bradley**]." **Id.** He argues that **Bradley** held that a claim of PCRA counsel's ineffectiveness may be raised for the first time on appeal. Davis argues his seventh petition was his first opportunity to raise his claim of prior PCRA counsel's ineffectiveness, as this was the first time he was appointed new counsel.

This claim is not before us. The PCRA court granted Davis leave to appeal from his sixth PCRA petition, and he did so. Therefore, our review is limited to the claim Davis raised in his sixth petition, related to **Burton**. Davis did not

---

[5] **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

appeal the PCRA court's order granting only partial relief on his seventh petition, in which he raised this claim.

***Bradley*** does not allow us to consider the merit of Davis's ineffectiveness claim during this appeal. ***Bradley*** held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel **or acting pro se**, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401 (emphasis added). ***Bradley*** did not hold that a petitioner's first opportunity to raise claims of ineffective assistance of counsel only arises when new counsel is appointed 30 years after previous counsel has withdrawn.

The instant appeal from the dismissal of Davis's sixth PCRA petition is not Davis's first opportunity to raise the claim that PCRA counsel on his first petition was ineffective. He could have raised this claim *pro se* once he was no longer represented by his first PCRA counsel. And, in fact, he did raise it for the first time in his *pro se* amendment to his seventh petition, the partial denial of which is not before us.[6]

Order affirmed.

Judge Olson joins the memorandum.

Judge Stabile concurs in the result.

---

[6] ***Bradley*** reaffirmed the rule that subsequent counsel's discovery of prior counsel's ineffectiveness does not render a serial PCRA petition timely. **See Bradley**, 261 A.3d at 404 n.18. Therefore, Davis's ineffectiveness claim was not timely when presented in his seventh PCRA petition, and the PCRA court correctly denied relief.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/11/2023