J-S39034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JOHN ELLSWORTH O'HARA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: JOHN ELLSWORTH O'HARA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1323 WDA 2023 |

Appeal from the PCRA Order Entered September 7, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-0001034-1990

| | | |
|---|---|---|
| IN RE: JOHN ELLSWORTH O'HARA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: JOHN ELLSWORTH O'HARA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 380 WDA 2024 |

Appeal from the PCRA Order Entered September 7, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-0001065-1990

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED:  December 4, 2024**

Appellant John Ellsworth O'Hara appeals[1] from the order denying his serial Post Conviction Relief Act[2] (PCRA) petition without a hearing.  Appellant

---

[1] For clarity, we note that although this matter involves a PCRA appeal, it was captioned as a civil matter because the trial court listed the case on its miscellaneous docket.

[2] 42 Pa.C.S. §§ 9541-9546.

argues that the PCRA court abused its discretion by failing to hold an evidentiary hearing. Appellant has also filed application for relief in which he requests a continuance to allow him to respond to the Commonwealth's brief. Following our review, we affirm the PCRA court's order and deny Appellant's application for relief.

The underlying facts and procedural history of this matter are well known to the parties. *See Commonwealth v. O'Hara*, 529 WDA 2013 at 1-2 (Pa. Super. filed January 31, 2014) (unpublished mem.). Briefly, Appellant pled guilty to burglary and related offenses in August of 1990. On September 10, 1990, the trial court sentenced Appellant to an aggregate term of twenty-seven and one half to fifty-five years' incarceration. Appellant subsequently filed multiple PCRA petitions, all of which were unsuccessful.

On July 24, 2023, Appellant filed the instant PCRA petition, his eighth.[3] On July 31, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice concluding that Appellant's PCRA petition was untimely, as his sentence became final over thirty years ago and Appellant did not plead any of the statutory exceptions to the PCRA time bar. *See* PCRA Ct. Rule 907 Notice, 7/31/23. After Appellant filed a response, the PCRA court dismissed Appellant's petition without a hearing.

_____

[3] We note that the PCRA court correctly treated Appellant's filing, which was labeled as a "Petition to Restore Defendant's Appeal Rights and/or New Trial Due to 'Ineffective Assistance of Counsel'" as a PCRA petition. *See Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020) (stating that "any claim for relief that is cognizable under the PCRA must be treated as a PCRA petition") (citation omitted).

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion adopting the reasoning set forth in its Rule 907 notice.

On appeal, Appellant raises the following issue for review:

Did the Common Pleas court abuse its discretion by dismissing [] Appellant's petition without an evidentiary hearing despite [Appellant] supporting his claims with exhibits and was supported and backed by the record.

Appellant's Brief at 3 (some formatting altered).[4]

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition") (citation omitted). "A PCRA petition, including a second or subsequent one,

_____

[4] We note that the Commonwealth did not file a brief in this matter.

must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[5] It is the petitioner's "burden to

---

[5] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies
*(Footnote Continued Next Page)*

allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Our Supreme Court has emphasized, "[a] PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. . . . A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." **Commonwealth v. Walker**, 36 A.3d 1, 17 (Pa. 2011).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than thirty years after his sentence became final in 1990. **See** 42 Pa.C.S. § 9545(b)(1). Further, as noted by the PCRA court, Appellant failed to establish any exception to the PCRA time bar. **See** PCRA Ct. Order, 7/31/23. Indeed, in his brief, Appellant raises substantive claims regarding his guilty plea and prior counsel's effectiveness, but fails to invoke any of the timeliness exceptions at Section 9545(b)(1)(i)-(iii). **See** Appellant's Brief at 9-10. Therefore, because Appellant's PCRA petition was untimely, we discern no abuse of discretion by the PCRA court in declining to

_____

only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

hold an evidentiary hearing. **See Albrecht**, 994 A.2d at 1094; **Walker**, 36 A.3d at 17. Accordingly, we affirm.[6]

Order affirmed. Application for relief denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/04/2024

---

[6] Further, as noted previously, the Commonwealth did not file a brief in the instant matter. Therefore, to the extent Appellant seeks a continuance to review the Commonwealth's brief, that motion is DENIED.