J-S21043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROYSCE HAYNES | : | |
| | : | |
| Appellant | : | No. 1833 EDA 2024 |

Appeal from the PCRA Order Entered May 17, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014368-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROYSCE HAYNES | : | |
| | : | |
| Appellant | : | No. 1834 EDA 2024 |

Appeal from the PCRA Order Entered May 17, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014369-2012

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 21, 2025**

Appellant, Roysce Haynes, appeals from the order of the Court of Common Pleas of Philadelphia County that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* He presently makes arguments for the suppression of his pre-

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial statement to the police and asserts that his prior counsel provided ineffective assistance for not considering the usefulness of "expert or investigative witnesses" for the purposes of pursuing a pre-trial motion to suppress his police statement. Appellant's Brief, 4-5. We affirm.

On direct review, we previously adopted the trial court's following summary of the facts in this case:

> During the afternoon of September 10, 2012, Philadelphia Probation and Parole Officers Shondell Williams and Evan Moore-Mathis visited [Appellant]. As they approached his apartment, they saw him sitting on the steps outside the apartment entrance. He appeared stunned and was somewhat unresponsive to questions. His head was lowered and when asked whether the police should be summoned, he said yes.
>
> Philadelphia Police Officer Jonathan Ransom was called to 850 Chelt[e]n Avenue in the Germantown section of Philadelphia. There[,] he encountered [Appellant], who told him that he had been in an argument with his girlfriend, that the argument had become physical, and that he had choked her. When Officer Ransom went inside [Appellant's] apartment, he saw the decedent, Atiya Perry, lying on the floor and bleeding from the head. She had no signs of life. Officer Ransom noticed a bloody towel lying on the floor near her head.
>
> Dr. Marlin Osbourne, Assistant Medical Examiner, performed the autopsy on the decedent and determined that her death was a homicide achieved by strangulation. [The decedent] also had small lacerations on her left cheek. Dr. Osbourne determined that based on the size of the fetus in her uterus, she had been pregnant for seven weeks at the time of her death.
>
> Detective Edward Tolliver took a statement from [Appellant on] the day of the killing. In it, [Appellant] acknowledged killing the decedent. He said that the decedent had been hitting him with a closed fist on the side of his head, and that she had tried to use pepper spray against him, and that he choked her. He also said that the decedent had told him that she was pregnant, but that

he did not believe her. Detective Tracey Byard searched the apartment in the immediate aftermath of the murder. He did not find any mace or pepper spray anywhere in the apartment. Prenatal vitamins and magazines about pregnancy were found in the apartment.

***Commonwealth v. Haynes***, 125 A.3d 800, 802-803 (Pa. Super. 2015) (record citations omitted).

On April 30, 2014, a jury found Appellant guilty of separate counts of third-degree murder and criminal homicide of an unborn child.[1] **See** Verdict Reports, 4/30/14. On July 1, 2014, the trial court sentenced Appellant to consecutive imprisonment terms of twenty to forty years for the killing of Ms. Perry and fifteen to thirty years for the killing of the unborn child.[2] **See** Orders (sentencing), 7/1/14. On October 5, 2015, this Court affirmed the judgments of sentence, denying relief both on Appellant's discretionary sentencing challenge and the Commonwealth's challenge to the legality of Appellant's sentence.[3] **Haynes**, 125 A.3d at 806, 808-09. On June 1, 2016, our Supreme

_____

[1] 18 Pa.C.S. §§ 2502(c) and 2603(a), respectively.

[2] The judgment of sentence with respect to the killing of Ms. Perry is entered at CP-51-CR-0014368-2012, and the judgment of sentence with respect to the killing of the unborn child is entered at CP-51-CR-0014369-2012.

[3] The Commonwealth asserted that that the trial court erred by not imposing a life imprisonment term pursuant to 42 Pa.C.S. § 9715 (mandating a life imprisonment term for "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction"). **See Haynes**, 125 A.3d at 803-04. We denied relief to the Commonwealth based on our conclusion that criminal homicide of an unborn child was not one of the offenses set forth in section 9715 that would trigger the imposition of a

*(Footnote Continued Next Page)*

Court denied a petition for allowance of appeal that was filed by the Commonwealth. *See Commonwealth v. Haynes*, 140 A.3d 12 (Pa. 2016) (table) (627 EAL 2015).

On September 29, 2016, Appellant filed a *pro se* first PCRA petition. Relevant to the claims raised in the instant appeal, Appellant then asserted, *inter alia*, that his police statement was improperly admitted into evidence at his trial and that the statement was the product of police coercion. *See Pro Se* First PCRA Petition, 9/29/16, 5-7. The PCRA court appointed counsel. *See* Order (counsel appointment), 2/3/17, 1. Appellant thereafter filed, through counsel, an amended PCRA petition in which he alleged that trial counsel provided ineffective assistance by failing to file a motion to suppress his inculpatory statement to the police. *See* Amended First PCRA Petition, 5/10/17, ¶ 12; Counseled Letter Brief, 5/10/17, 5-7. Following the Commonwealth's filing of a response to the petition, the PCRA court issued notice of its intent to dismiss the petition as meritless pursuant to Pennsylvania Rule of Criminal Procedure 907. *See* Rule 907 Notice, 7/13/17. After no response was filed, the PCRA court dismissed the petition. *See* Order and Opinion (first PCRA petition dismissal), 8/24/17, 1-7.

---

mandatory life sentence for a separate conviction of third-degree murder. *Id.* at 806.

With respect to the dismissal of the first PCRA petition, the PCRA court found that Appellant was properly **Mirandized**[4] prior to his police statement and was aware of, but failed to invoke, his right to counsel at the time he provided his statement to the police, and that he additionally failed to develop his ineffective assistance of counsel claim. **Id.** at 6. This Court affirmed the dismissal on October 10, 2018, and our Supreme Court denied a petition for allowance of appeal on April 30, 2019. **See Commonwealth v. Haynes**, 200 A.3d 544 (Pa. Super. 2018) (table) (3170 EDA 2017), **allocatur denied**, 207 A.3d 910 (Pa. 2019) (table) (530 EAL 2018).

On September 9, 2022, Appellant filed a *pro se* second PCRA petition, alleging that the Commonwealth withheld impeachment material concerning supposed misconduct committed by the detectives involved in his case. **See** *Pro Se* Second PCRA Petition, 9/9/22, 4. After the PCRA court issued a Rule 907 dismissal notice and Appellant filed a response, the PCRA court dismissed the petition, on November 10, 2022, as untimely and meritless.[5] **See** Rule 907 Notice, 9/28/22, 1-6; *Pro Se* Response to Rule 907 Notice, 10/21/22, 1-4; Order and Opinion (second PCRA petition dismissal), 11/10/22, 1-12. We dismissed appeals from the dismissal of the second PCRA petition due to Appellant's separate failures to file a brief and a docketing statement form.

_____

[4] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[5] On November 18, 2022, the PCRA court denied as moot a *pro se* discovery motion that Appellant filed after the dismissal of his second PCRA petition. **See** Order (discovery motion denial), 11/18/22, 1.

*See* Superior Court Order, 3/3/23, 1 (dismissal for failure to file brief) (3173 EDA 2022); Superior Court Order, 3/3/23, 1 (dismissal for failing to comply with Pa.R.A.P. 3517) (3174 EDA 2022).

On March 11, 2024, Appellant filed his *pro se* third PCRA petition that is the focus of the instant appeals. Therein, he asserted that he "never confessed to a murder," claimed that a witness stated in an investigation interview that he "never said anything," and alleged that he was purchasing a condom in a laundromat across the street from the "crime scene" at the time of the murder. *Pro Se* Third PCRA Petition, 3/11/24, § 6(A). As in his second PCRA petition, he alleged that four detectives involved in his case had a "history of police misconduct." **Id**. at § 6(B). On March 28, 2024, Appellant filed a *pro se* motion to amend his petition to allege that he was subject to verbal, physical, and psychological threats and abuse during his police interrogation. **See** *Pro Se* Motion to Amend, 3/28/24, 1-3.

On April 16, 2024, the PCRA court issued a Rule 907 notice, asserting, *inter alia*, that he failed to demonstrate requisite due diligence in the presentation of his police misconduct claim for the purposes of demonstrating an applicable exception to the PCRA's jurisdictional time-bar, and the allegations for that claim were included in his prior PCRA petitions. **See** Rule 907 Notice, 4/16/24, 3. As for Appellant's assertion that he had supposed alibi witnesses, the PCRA court found that Appellant failed to demonstrate that the witnesses were previously unknown to him and could not have been presented at trial. **Id.** at 4. After Appellant filed a response to the Rule 907

notice, the PCRA court dismissed the petition on May 17, 2024. *See Pro Se* Response to Rule 907 Notice, 4/26/24, 1-3; Order and Opinion (third PCRA petition dismissal), 5/17/24, 1-8.

On June 24, 2024, Appellant filed *pro se* notices of appeal in this Court for the underlying cases with appended proofs of service dated June 18, 2024, indicating that the notices were sent directly to this Court rather than the PCRA court's Prothonotary. **See** Notices of Appeal, 6/24/24. On June 26, 2024, this Court forwarded the notices of appeal to the Criminal Division of the Philadelphia County Court of Common Pleas. **See** Superior Court Correspondence, 6/24/24, 1.

On August 1 and 2, 2024, we issued orders directing Appellant to show cause as to why the instant appeals should not be quashed as untimely filed on June 24, 2024, from the PCRA court order entered on May 17, 2024. **See** Superior Court Order (rule to show cause), 8/1/24, 1 (1834 EDA 2024); Superior Court Order (rule to show cause), 8/2/24, 1 (1833 EDA 2024). Appellant filed a response, docketed only in the appeal at 1833 EDA 2024, averring that he mailed his notice of appeal to this Court on June 5, 2024, and attaching a postage slip reflecting his submission to prison authorities of an item for mailing to the Superior Court that was dated by Appellant on June 4, 2024, and was dated by a prison official on June 5, 2024. **See** *Pro Se* Motion in Response to Quash, 8/12/24, 1 & attached Exhibit A (1833 EDA 2024). On August 21, 2024, this Court issued orders discharging the rule to show cause orders and referring the issue raised by the rule to show cause orders to the

panel assigned to decide the merits of these appeals. *See* Superior Court Orders (referral to panel), 8/21/24, 1 (1833 & 1834 EDA 2024).

On August 26, 2024, this Court ordered Appellant to file amended notices of appeal because he initiated the instant appeals by filing a single notice of appeal, which included trial court docket numbers for both of his underlying criminal matters in violation of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***See*** Superior Court Orders (noncompliant notices of appeal), 8/26/24, 1-2 (*per curiam*; 1833 & 1834 EDA 2024). Appellant filed a compliant amended notice of appeal for the appeal at 1833 EDA 2024 with the PCRA court on September 6, 2024. ***See*** Amended Notice of Appeal, 9/6/24, 1 (1833 EDA 2024). On December 10, 2024, we again ordered Appellant to file an amended notice of appeal for the appeal at 1834 EDA 2024. ***See*** Superior Court Order (compliance with prior orders), 12/10/24, 1-2. Appellant filed a compliant amended notice of appeal for the appeal at 1834 EDA 2024 with the PCRA court on December 20, 2024. ***See*** Amended Notice of Appeal, 12/20/24, 1 (1834 EDA 2024). On January 29, 2025, we *sua sponte* consolidated these appeals pursuant to Pennsylvania Rule of Appellate Procedure 513. ***See*** Superior Court Orders (consolidation), 1/29/25, 1 (1833 & 1834 EDA 2024).

Appellant presents the following questions for our review:

I.    Did the PCRA court err in denying Appellant's instant PCRA petition[,] his third[,] based on newly discovered evidence and a ***Miranda*** violation as untimely without a hearing despite the fact that a hearing was required to determine the timeliness of the instant PCRA petition?

II. Would a reasonable man in the position of the Appellant have felt that he was free to leave the interview while Detective Micah Spotwood secured a confession through coercion?

III. Did the PCRA court err in denying Appellant's timely pretrial motion to suppress [his] confession under **Arizona v. Fulminante**, 499 U.S. 279 (1991)[,] where discovery assisted Appellant in establishing that petitioner "never said anything specific as to what he did[,]" nor did he cooperate on the scene such that he corroborated the events from a statement made to Police Officer Jonathan Ransom?

IV. Did the PCRA court err in denying Appellant's PCRA petition[,] his third[,] where there is evidence that does not corroborate the events in the confession since it was obtained by deliberate elicitation by violating Appellant's Sixth Amendment **Massiah** [*sic*] right to counsel without considering the attitude of the interrogator Detective Micah Spotwood through assessment even though he is a government agent who never testified at trial?

V. Did the PCRA court err in denying Appellant's motion in *limine* to suppress statements pursuant to **Lego v. Twomey**, 404 U.S. 477 (1972)[,] even though Appellant made a timely pretrial motion through tr[ia]l counsel (see exhibit motion to suppress confession)[?]

Appellant's Brief, 4 (suggested answers omitted).

As a preliminary matter, we must address the issue raised by our former rule to show cause orders as the filing of timely notices of appeal are a prerequisite for our jurisdiction. The order dismissing Appellant's instant PCRA petition was entered on May 17, 2024, and the proof of service attached to the PCRA court's order and opinion indicate that the order was mailed to Appellant via first-class mail on the same day. **See** Pa.R.A.P. 108(a)(1) (the date of entry of an order shall be the date the clerk of courts mails or delivers

copies of the order to the parties). Thus, Appellant's notices of appeal were due by June 17, 2024.[6] **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). A *pro se* prisoner's petition for review must be considered filed for purposes of Pa.R.A.P. 903 when the appeal is deposited with prison officials or placed in the prison mailbox. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). To prove an appeal is timely filed, an appellant may include a "cash slip" indicating that the Department of Corrections charged the prison bank account for postage, or a Postal Form 3817, certificate of mailing. **Id.** Here, the Commonwealth does not contest the timely filing of Appellant's notices of appeal and Appellant has proffered a "postage slip" reflecting that he submitted his notices of appeal to his prison authorities for mailing to this Court, at the latest, on June 5, 2024, well before his June 17th deadline for filing the notices. Accordingly, we find that these appeals are timely filed.

The next procedural issue we must address is the existence of an applicable exception to the PCRA's time-bar in order to permit the PCRA court to review Appellant's underlying PCRA petition on its merits. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000) (where

---

[6] Because the thirty-day deadline for filing the notices of appeal fell on Sunday, June 16, 2024, Appellant would have had until Monday, June 17, 2024, to file the notices. **See** Pa.R.Crim.P. 101(c) (incorporating by reference rules of construction in Pennsylvania Rules of Judicial Administration including R.J.A. 107(a)-(b), relating to computation of time for rule of construction relating to exclusion of first day and inclusion of last date of time period and omission of last day of time period which falls on Saturday, Sunday, or a legal holiday).

a PCRA petition is not timely filed and is not eligible for an exception to the PCRA's time-bar, the PCRA court lacks authority to address the substantive merits of the PCRA claims); ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa. Super. 2020) ("Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'") (citation omitted). The PCRA court dismissed the Appellant's third PCRA petition because, *inter alia*, Appellant failed to plead and prove the applicability of the governmental interference and newly discovered fact exceptions to the PCRA's time-bar for his substantive claims. ***See*** PCRA Court Opinion, 5/17/24, 3-6. Our review of the denial of a PCRA petition is limited to determining whether the record supports the PCRA court's ruling and whether its decision is free of legal error. ***See Commonwealth v. Williams***, 196 A.3d 1021, 1026-27 (Pa. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). After our Supreme Court denied the direct review petition for allowance of appeal on June 1, 2016, Appellant's judgment of sentence became final on August 30, 2016, upon the expiration of the ninety-day deadline for filing a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct

- 11 -

review or the expiration of time for seeking further review); U.S.Sup.Ct.R. 13 (setting the deadline for seeking *certiorari*). Appellant thus had until August 30, 2017, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). He did not file his instant third PCRA petition until March 11, 2024.

To obtain review of his facially untimely PCRA petition, Appellant was required to plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For review of an untimely petition, "[t]he PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). Moreover, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that the petition was filed within one year of the date his claims for time-bar exceptions "could have been presented."

Instantly, Appellant's brief includes a three-page argument section that is silent as to the timeliness of his third PCRA petition, the viability of his time-bar exception claims presented to the PCRA court, and the PCRA court's reasoning for dismissing his petition for lack of jurisdiction on timeliness grounds. **See** Appellant's Brief, 4-6. Instead, he focuses on his substantive claims concerning the voluntariness of his police statement and the alleged ineffective assistance of his trial counsel for not seeking the suppression of that statement. **Id.** For our purposes, he has therefore not proved, nor even asserted, that his claims met any of the timeliness exceptions for review of his untimely third PCRA petition. As such, we conclude that the PCRA court

lacked jurisdiction to review the petition and properly denied relief. We therefore affirm the PCRA court's dismissal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025