J-S02022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEO A. GARDNER :
:
Appellant : No. 2285 EDA 2024

Appeal from the PCRA Order Entered July 30, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001172-2017

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 3, 2026**

Leo A. Gardner (Appellant) appeals, *pro se*, from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

In 2017, Appellant was arrested and charged with one count each of attempted murder, aggravated assault, and simple assault; and two counts of terroristic threats arising from his brutal attack of Brittany Seitz (Ms. Seitz).[1] "Appellant and [Ms.] Seitz spent April 26, 2017, together ingesting drugs, including methamphetamine, and driving around Monroe County. Late that evening, or in the early hours of April 27, 2017, Ms. Seitz pulled her car over to the side of the road, whereupon she and Appellant engaged in a physical

_____

[1] 18 Pa.C.S.A. §§ 901, 2702(a)(1), 2701(a)(3), 2706(a)(1).

altercation." ***Commonwealth v. Gardner***, 221 A.3d 267, 2891 EDA 2018 (Pa. Super. 2019) (unpublished memorandum at 2).  Appellant dragged Ms. Seitz into a wooded area, beating her and biting her.  During the attack, Appellant "partially amputated Ms. Seitz's nose, and she had sustained multiple bruises and bites.  Both of her eyes were swollen shut."  ***Id.*** (unpublished memorandum at 3).  Further, Appellant verbally threatened two individuals who had heard Ms. Seitz's screams and attempted to stop the attack.

Following a jury trial, Appellant was convicted of the above-described offenses.  On August 16, 2018, the trial court sentenced Appellant to an aggregate prison term of 12½ years less one day, to 25 years less one day. Appellant filed a post-sentence motion, which the trial court denied.

On direct appeal, Appellant challenged the weight of the evidence supporting his conviction and the admission of certain evidence.  This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  ***See id.***, ***appeal denied***, 235 A.3d 271 (Pa. 2020).

On October 19, 2020, Appellant filed a timely *pro se* PCRA petition alleging the ineffective assistance of trial counsel.  The PCRA court appointed Appellant counsel, who filed an amended PCRA petition on Appellant's behalf. The PCRA court conducted an evidentiary hearing on Appellant's ineffectiveness claims, during which Appellant and his trial counsel testified.

On August 4, 2022, the PCRA court dismissed Appellant's first petition. This Court subsequently affirmed the dismissal. *See Commonwealth v. Gardner*, 301 A.3d 883, 2259 EDA 2022 (Pa. Super. 2023) (unpublished memorandum).

On June 10, 2024, Appellant filed the instant *pro se* PCRA petition, his second. Therein, Appellant argued Nicole Lermitte, Esquire (Attorney Lermitte), whom he retained to represent him during his appeal from the dismissal of his first PCRA petition, rendered ineffective assistance of counsel.[2] In addition, Appellant filed approximately 100 pages of "supporting records." The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing, explaining that Appellant's petition was untimely filed. Appellant filed a *pro se* response. On July 30, 2024, the PCRA court dismissed Appellant's second PCRA petition.

_____

[2] Attorney Lermitte did not represent Appellant during the litigation of his first PCRA petition in the PCRA court. In total, four attorneys represented Appellant throughout the history of this case.

This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[3, 4]

Appellant raises the following issues for review:

A. Whether the [PCRA] court erred in dismissing Appellant's petition without holding an evidentiary hearing, wherefore Appellant was denied effective assistance of trial and appellate counsel in presenting hi[s] available confrontation clause and compulsory process witnesses at trial and at the PCRA hearing[,] resulting in a layered claim of ineffective assistance of trial and appellate counsel?

B. Whether the [PCRA] court erred in denying [] Appellant post-conviction relief, where[] relevant exculpatory evidence exists via material and testimonial evidence not provided at trial, due to ineffective assistance of trial counsel, and that was and is evidence that was withheld by the Commonwealth since Appellant's preliminary hearing?

C. Whether [] Appellant's conviction should be vacated and remanded for retrial, due to the United States Const[itution] 6th Amendment, and Pennsylvania Const[itution] art. I, § 9 violations?

D. Whether the [PCRA] court erred in complying with orders of the higher court, *i.e.*, [the Superior Court], by interfering with (hindering) the Appellant[']s right to appeal his sentence, by not

_____

[3] Appellant's Rule 1925(b) concise statement was docketed on October 2, 2024, beyond the 21-day time period in which Appellant was required to comply with the PCRA court's concise statement order. However, the record reflects that the copy of the concise statement order mailed to Appellant was marked "return to sender" by the U.S. Postal Service. *See* Trial Court Docket Entry #150, 9/3/24 (Returned Mail). Appellant later mailed his Rule 1925(b) concise statement to court administration, and the trial court ordered the clerk of courts to enter the statement on the docket.

[4] On January 10, 2025, this Court dismissed Appellant's appeal due to his failure to file an appellate brief. Upon application by Appellant, this Court reinstated the appeal. Appellant subsequently filed an application for remand, which this Court denied.

providing him with the notes of testimony from his sentencing hearing, [t]hereby prejudicing him to properly review and/or raise in any prior or current filings?

E. Whether [] Appellant's case is due for a remand for an evidentiary hearing, before this appeal is properly and adequately *sub judice*; whereby honoring [] Appellant's due process rights that have previously been denied?

Appellant's Brief at 1-2 (some capitalization modified).

This Court's standard of review of an order dismissing a PCRA petition "is limited to an examination whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa. Super. 2019) (citation omitted). Moreover, "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review." *Id.* § 9545(b)(3).[5] "[T]he PCRA's time restrictions are jurisdictional in nature, and if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020) (citation and quotation marks omitted).

Here, Appellant's judgment of sentence became final on August 31, 2020, when the time for filing a petition for writ of *certiorari* in the United States Supreme Court had expired. U.S. SUP. CT. R. 13 (a petition for writ of *certiorari* must be filed within 90 days after the entry of judgment). Appellant's second PCRA petition, filed nearly four years later, is therefore patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). Further, "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."

_____

[5] In the instant PCRA petition, Appellant argues his petition was timely filed within one year of this Court's June 7, 2023, memorandum decision affirming the dismissal of his first PCRA petition. Second PCRA Petition, 6/10/24, at 7. However, as defined in section 9545(b)(3), a judgment becomes final at the conclusion of **direct** review.

*Commonwealth v. Whitehawk*, 146 A.3d 266, 269-70 (Pa. Super. 2016) (citation omitted).

Instantly, as Appellant incorrectly believes he timely filed his PCRA petition, he makes no attempt to invoke one of the three exceptions to the PCRA's time-bar. *See id.*; *see also generally* Appellant's Brief. Instead, Appellant argues all prior counsel rendered ineffective assistance. It is well established that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Morris*, 822 A.2d 684, 694 (Pa. 2003).[6]

We note briefly that Appellant cites our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"), and argues that, despite Appellant's request, Attorney Lermitte failed to raise a layered ineffectiveness claim against his first PCRA counsel. However, Appellant does not assert that the *Bradley* decision entitles him to relief where the instant PCRA petition is patently untimely. Indeed, our Supreme Court has clarified that "*Bradley* did

---

[6] We additionally observe that Appellant challenged the effectiveness of his trial counsel in his first PCRA petition. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that, to be eligible for PCRA relief, the allegation of error cannot have been previously litigated).

not create an exception to the PCRA's time-bar…." **Commonwealth v. Laird**, 331 A.3d 579, 598 (Pa. 2025).

Because Appellant's petition is untimely, and he makes no attempt to invoke an exception to the PCRA's timeliness requirements, this Court lacks jurisdiction to consider the merits of Appellant's claims. **See Anderson**, 234 A.3d at 737. We therefore affirm the PCRA court's order dismissing Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2026